UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:24-cr-191 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge |
| BOGDAN BOIA, | ) | Jennifer Dowdell Armstrong |
| | ) | |
| Defendant. | ) | |
| | ) | |

**OPINION AND ORDER**

Attorney Mark Mahoney seeks admission *pro hac vice* to represent Defendant Bogdan Boia before the Court in this criminal case.

**LEGAL STANDARD**

Under Local Criminal Rule 57.5(h), "any member in good standing of the Bar of any court of the United States or of the highest court of any state may . . . be permitted to appear and participate in a particular case, or in a group of related cases." To support admission *pro hac vice*, the Local Rules require a current certificate of good standing or an affidavit (or declaration) swearing to the applicant's current good standing. In addition to showing proof of current good standing, Rule 57.5(h) requires that "any attorney moving for admission pro hac vice must contemporaneously provide his or her . . . highest state court bar registration number, a statement, including specific details, indicating whether the attorney has ever been disbarred or suspended from practice before any court . . . ."

The Local Rule commits the decision whether to grant a lawyer not admitted to practice before the Northern District the privilege of admission *pro hac vice* to the Court's sound discretion. *See D.H. Overmyer Co. v. Robson*, 750 F2d 31, 33 (6th Cir. 1984). It codifies the Court's inherent authority to regulate the practice of law before it. *See Ex Parte Burr,* 22 U.S. (9 Wheat.) 529, 530 (1824). Further, no authority the Court has located confers a right on Mr. Mahoney or Defendant to have the pending motion for admission *pro hac vice* granted if Mr. Mahoney meets all the requirements of the Local Rules. Even if he does, the Court retains the discretion to determine whether to grant an application for admission *pro hac vice*. *D.H. Overmyer,* 750 F.2d at 34.

While a defendant's Sixth Amendment rights may embrace representation by the counsel of his choice, *see Wheat v. United States*, 486 U.S. 153, 159 (1988), that right is not unconditional. "[I]t is well settled that permission to a nonresident attorney . . . to appear pro hac vice . . . is not a right but a privilege, the granting of which is a matter of grace resting in the sound discretion of the presiding judge." *Ross v. Reda*, 510 F.2d 1172, 1172 (6th Cir. 1975) (citing *Thomas v. Cassidy,* 249 F.2d 91, 92 (4th Cir. 1957)). In deciding whether to admit an attorney *pro hac vice* and in balancing the competing interests, the law of this Circuit recognizes that the Sixth Amendment's respect for a defendant's choice of counsel "merely informs judicial discretion, it does not displace it." *Stilley v.* Bell, 155 F. App'x 217, 225 (6th Cir. 2017). At bottom, while the Sixth Amendment "implies a degree of freedom to be represented by counsel of defendant's choice, this guarantee does not grant the

2

unconditional right to representation in a state court by a particular out-of-state attorney." *Ross*, 510 F.2d at 1173.

## FINDINGS OF FACT

Mr. Mahoney represents that Mr. Boia's family sought him out as counsel because of his published works regarding Asperger's Syndrome and his experience representing clients with this diagnosis. (ECF No. 17, ¶¶ 4–7, PageID #49–50.) In support of his motion, Mr. Mahoney supplies a certificate of good standing from the Western District of New York. (ECF No. 17-1, PageID #53.) His motion shows that he was admitted to practice before that court in 1975 and attests that he has never been disbarred or suspended from practicing in any court. (ECF No. 17, ¶ 9, PageID #50.) However, his affidavit lacks a bar number. (ECF No. 17-1, PageID #53.)

Further investigation of Mr. Mahoney's status within the New York Bar (No. 1619071) showed that, as of November 22, 2024, there was a question whether he has timely renewed his licensed. The New York Bar's website states that his Mr. Mahoney's registration date is August 2024 and lists his registration status as: "Due to Register within 30 Days of Birthdate." When the Court inquired about this issue at the hearing on November 18, 2024, Mr. Mahoney failed to clear the matter up. If anything, his unsatisfactory answers made matters worse.

Notwithstanding decades of practice, Mr. Mahoney did not know his bar number. When the Court read it to him, Mr. Mahoney stated that the number did not sound like his. (The New York Bar lists another lawyer named Mark Mahoney, admitted in 1995, who resigned.) He represented that he remains licensed in good

3

standing to practice law in New York, apparently unaware that the New York Bar might have a different opinion. After the Court inquired at the hearing, for several days Mr. Mahoney's status remained unchanged. However, as of November 26, 2024, it not appears that he is in good standing.

Setting aside the question of technical compliance with his local licensing and registration requirements, which Mr. Mahoney has apparently now cleared up, the Court has more serious concerns about Mr. Mahoney's ability to comply with the Court's rules and his ability to discharge his obligations in a timely manner. Defendant Bogdon Boia was indicted on May 30, 2024 (ECF No. 1) and arraigned on June 24, 2024. After an initial status conference on July 11, 2024, the Court scheduled a follow-up conference for September 23, 2024 to allow counsel time to obtain and review the voluminous discovery. On September 23, 2024, Defendant's former counsel first raised the prospect of new counsel appearing on behalf of Mr. Boia. To afford Defendant an opportunity to sort out his representation, the Court again continued the matter "to allow time for newly retained counsel to make an appearance and confer with his client." (Minutes, Sept. 23, 2024.)

At the next status conference on October 9, 2024, Defendant's former counsel confirmed that Mr. Boia retained new counsel, Mr. Mahoney. Because he had not appeared, the Court attempted, unsuccessfully, to reach him through Mr. Boia's former counsel. The Court entered an order requiring Mr. Mahoney to file his motion for admission *pro hac vice* no later October 14, 2024 and directed former counsel to serve Mr. Mahoney with the order. (ECF No. 11.) On October 11, 2024, former

counsel certified that he did so. (ECF No. 13.) However, Mr. Mahoney did not appear as ordered. Nor did he seek a continuance or otherwise provide any indication that he intended to undertake Mr. Boia's defense. Based on the record, the Court finds that Mr. Mahoney had actual knowledge of these proceedings yet failed to appear.

On October 15, 2024, the Court scheduled an in-person status conference for October 28, 2024, at which the Court required Defendant's counsel to appear. On October 28, 2024, before the scheduled conference, Eric Nemecek filed an appearance for Defendant and appeared at the conference with the intent to "serve as co-counsel in [the] case along with Attorney Mark Mahoney of Harrington & Mahoney." (ECF No. 14.) During the status conference, the Court admonished Mr. Mahoney's conduct, specifically questioning his respect for the Court and his ability to comply with orders that the Court will issue to govern the case moving forward.

Only then did Mr. Mahoney seek admission *pro hac vice* on October 30, 2024. In his motion, Mr. Mahoney stated that he returned from vacation on October 9, 2024. He also noted that his secretary was out of office between October 10, 2024 and October 15, 2024. He claims that she did not see the email containing the Court's order until October 16, 2024. Mr. Mahoney attributes his failure to respond to the Court's order to the fact that he was unaware of the order until after the October 14, 2024 deadline had passed.

However, this excuse fails to explain why the late notice of the Court's order affected his ability to contact the Court as soon as he claims he had actual notice on October 16, 2024 that he had missed the Court's deadline. After all, two more weeks

5

passed before Mr. Mahoney sought admission to practice in this case. Additionally, he obtained his certificate of good standing to do so from the Western District of New York on October 8, 2024—confirming Mr. Mahoney's knowledge of the Court's expectation that he appear by October 9, 2024 (as set forth on the docket in the Court's September 23, 2024 Minutes) and that he could have appeared by October 14, 2024. He has provided no satisfactory or acceptable excuse for his delay. Moreover, Mr. Mahoney failed to appear at the October 28, 2024 status conference or, alternatively, seek a continuance. Nor has he provided any reason for these failures.

To afford Mr. Mahoney a final opportunity to make the case for his admission *pro hac vice*, the Court held an in-person hearing on November 18, 2024. And the Court already indicated that that proceeding did notprovide satisfactory explanations.

Mr. Mahoney's inexplicable behavior demonstrates an inability to comply with the Court's orders and gives the Court little confidence in his ability to move this case forward consistent with the mandate of the Speedy Trial Act. At least a month passed between Mr. Boia's family contacting Mr. Mahoney and Mr. Mahoney filing his *pro hac vice* motion. The motion was filed over three weeks after Mr. Mahoney obtained a certificate of good standing from the Western District of New York to support the motion and, most concerning, over two weeks after the Court ordered Mr. Mahoney to do so. Even after the November 18, 2024 hearing, the Court harbors grave doubts about Mr. Mahoney's ability to undertake this representation and to do so with the diligence and attention that a federal criminal case requires. And the Court has

concern that the delay attending the simple matter of counsel's appearance might be a tactic to delay the timely and efficient resolution of this case. Nothing that transpired at the hearing rehabilititated Mr. Mahoney or otherwise alleviated the concerns his conduct has engendered.

## CONCLUSIONS OF LAW

Mindful of the important interests at stake, the Court takes up Mr. Mahoney's motion against the backdrop of this record. The Court is exceedingly reluctant to interfere with Defendant's choice of counsel and with the profession of an attorney. Under the law of this Circuit, the analysis turns on whether an attorney seeking admission *pro hac vice* possesses the ethical and professional competence of an officer of the court. *In re Mosher,* 25 F.3d 397, 400 (6th Cir. 1994); *see also Stilley,* 155 F. App'x at 224–25 (quotation omitted) (agreeing with the Fifth Circuit's assessment that in evaluating motions for admission *pro hac vice* in a criminal case, "the Sixth Amendment's right to choice of counsel merely informs judicial discretion, it does not displace it").

The record in this case shows that, at this point, Mr. Mahoney has not evidenced the standards of an officer of the Court. In a civil case, the Court would *not* grant Mr. Mahoney's motion. The Court has little confidence in Mr. Mahoney's ability to represent Mr Boia according to the Court's orders and practices—let alone in a diligent or timely manner. Ultimately, Mr. Mahoney bears responsibility for responding to and obeying the Court's orders, and he failed to do so on more than one

occasion, leaving this case barely past the starting line some six months after the grand jury returned the indictment.

Because of the important Sixth Amendment interests implicated, however, the Court **CONDITIONALLY GRANTS** Mr. Mahoney's motion for *admission pro hac vice*. The Court does so only with and subject to the following conditions:

(1) Mr. Mahoney's failure to meet or comply with the Court's schedule and other deadlines and orders will result in reconsideration of this motion; and

(2) Mr. Nemecek shall appear at every hearing to help assure the Court that Mr. Boia receives proper representation.

In conditionally granting the motion, the Court reserves the right to reconsider this Order and to revoke Mr. Mahoney's *pro hac vice* admission at any time. Finally, the Court **ORDERS** Mr. Mahoney to include a copy of this order with any and all motions for admission *pro hac vice* motions that he files through December 31, 2025.

    SO ORDERED.

Dated: November 26, 2024

 

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio