UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:24-cr-00191 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge |
| BOGDAN BOIA, | ) | Jennifer Dowdell Armstrong |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Attorney Mark Mahoney seeks reconsideration of the Court's Order dated November 26, 2024 (ECF No. 18) conditionally granting his motion to appear *pro hac vice* to represent Defendant Bogdan Boia before the Court in this criminal case. (ECF No. 17.) For the reasons more fully explained below, the Court **GRANTS IN PART** Mr. Mahoney's motion for reconsideration (ECF No. 27). By separate entry, the Court amends its prior Order.

## ANALYSIS

Neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure formally provide for reconsideration. "The Sixth Circuit applies the standard put forth in Federal Rule of Civil Procedure 59(e) to motions for reconsideration in criminal cases." *United States v. Pippins*, No. 2:21-cr-66, 2023 WL 1991147, at *1 (S.D. Ohio Feb. 6, 2023) (citing *United States v. Correa-Gomez*, 328 F.3d 297, 298 (6th Cir. 2003)). And the reasons for altering or amending a judgment

under Rule 59 or obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration.

Justifying reconsideration requires a moving party to: (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). "Clear error arises most commonly from either misapplication of law or an intervening change in controlling precedent." *Desai v. Geico Cas. Co.*, 541 F. Supp. 3d 817, 824 (N.D. Ohio 2021). A district court retains the discretion to entertain a motion for reconsideration. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004). A district court does not abuse its discretion in denying such a motion when it is premised on evidence or arguments available to the party at the time of the original judgment. *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989). After all, such motions are aimed at *reconsideration*, not initial consideration. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992)).

On review of Mr. Mahoney's motion for reconsideration, his motion to appear *pro hac vice*, and the Court's ruling on Mr. Mahoney's motion to appear *pro hac vice*, the Court determines that none of the factors outlined above justify reconsideration. In his motion, Mr. Mahoney points to no intervening change in the controlling law, nor any new evidence that is available. *See Louisville/Jefferson*, 590 F.3d at 389.

Instead, Mr. Mahoney argues that (1) the Court's order imposed sanctions on him, (2) the Court's opinion overlooked "salient facts" asserted in his *pro hac vice* motion, (3) the Court's opinion draws unwarranted conclusions from some of the facts, and (4) the Court's opinion and order did not address "the authority of a district court judge to direct an attorney to seek appear [sic] *pro hac vice* as lone counsel on the record against his will and desire to only appear, if at all, as co-counsel with a 'local' attorney, or why the Court directed its order to [Mr. Mahoney] and not [co-counsel]." (ECF No. 27, ¶¶ 1–5, PageID #99–100.)

With respect to clear error or manifest injustice, the motion for reconsideration presents little not previously before the Court, and what new information Mr. Mahoney does present he had an opportunity to raise and present at the hearing on November 18, 2024. *See Hendking v. Carvana LLC*, No. 1:22-cv-01777, 2022 WL 22726467, at *1 (N.D. Ohio Dec. 5, 2022) (determining that there was no sufficient allegation of clear error or manifest injustice where the plaintiff's motion for reconsideration repeated "the same things that any number of her previous submissions said"). "Reconsideration is not an opportunity to reargue matters on which a court has already ruled." *Id.* Nor is it the occasion to present matters for the first time. *Sault Ste. Marie Tribe of Chippewa Indians*, 146 F.3d at 374.

The Court determines that the motion for reconsideration meets none of the prerequisites for granting such a motion. Mr. Mahoney contends that the Court's order conditionally granting his motion for admission *pro hac vice* amounts to a sanction. (ECF No. 27, ¶¶ 6–10, PageID #100–01.) To the contrary, the Order

3

provides the terms and conditions on which the Court will grant him the privilege of appearing in this matter. These are conditions of admission, not a sanction or a reprimand. Nonetheless, on further consideration of the record and arguments made in support of the motion for reconsideration, the Court grants the motion in part and will enter an amended Order. Specifically, mindful of its limited geographical jurisdiction, the Court limits its ruling accordingly.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Defendant's motion for reconsideration.

**SO ORDERED.**

Dated: February 26, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio